Norma Leticia Lopez **HERNANDEZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–76205.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 25, 2007.

Norma Leticia Lopez Hernandez, Placentia, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**592**

MEMORANDUM **

Norma Leticia Lopez Hernandez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's decision denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's physical presence determination for substantial evidence, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004), and review due process challenges de novo, *Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir.2003). We deny the petition for review.

To demonstrate physical presence for the statutory period, petitioner needed to prove her continuous presence beginning in February 1992. *See* 8 U.S.C. § 1229b(b)(1)(A) (requiring ten years physical presence). Petitioner testified that the child she cared for was around five months old when she arrived in the United States and a birth certificate established that the child was born in October 1992. The BIA's conclusion that petitioner did not arrive in the United States until 1993 is therefore supported by substantial evidence.

We have considered petitioner's due process contention and find it unpersuasive. *See Munoz,* 339 F.3d at 954 ("Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

